The facts are reviewed in the opinion.
Campbell, Chief Justice,
delivered the opinion of the court:
This case was referred to a commissioner of the court for a report of the facts. He has made his report, and neither party has excepted to it. It appears that the plaintiff was designated in March, 1918, a student naval aviator for duty involving actual flying in aircraft. He was recommended for detail as naval aviator, but this detail was not approved because the officer had “ never received advanced training ” at Pensacola seaplane school. He was then recommended for training at Pensacola to qualify him for duty as a naval aviator and was on January 30, 1919, designated a naval aviator for duty involving actual flying in aircraft, and this designation was approved by the Bureau of Navigation,. Navy Department. Plaintiff continued to serve as naval aviator until February 21, 1921, when the Bureau of Navigation sent to him an order to the effect that his “ designation as a naval aviator involving actual flying in aircraft is *90 hereby revoked, effective on the 28th day of February, 1921,” and “2. You are hereby designated a student naval aviator involving actual flying in aircraft from 28th of February, 1921,” to continue in force “until specifically revoked.” During the period from February, 1921, to December 31, 1921, involved in this suit plaintiff’s duties were substantially what they had been as naval aviator before his last designation as a student naval aviator. He was paid an increase of 35 per cent of his pay but claims that he should have been paid the increase of a naval aviator, that is, 50 per cent. We can not say that the designation of plaintiff as a naval aviator could not be revoked. The brief in his interest correctly states that the “ appointment ” as a naval aviator was not an appointment to office but was “ a designation to duty.” The statute places a limitation on the number of officers who may be detailed for duty involving actual flying. (Act of March 3, 1915, 38 Stat. 939; act of August 29, 1916, 39 Stat. 582.) There is a distinction between a student naval aviator and a naval aviator. The history of plaintiff’s designation, as well as the statute, makes this plain, and the “ designation to duty ” made at one time was clearly revocable. The reason assigned for it in plaintiff’s case was because of the legal limitations of the number of officers who could be detailed as naval aviators and the department desired to designate certain other officers whose retention in the naval service as officers was certain. Plaintiff’s temporary commission as a commissioned warrant officer was revoked December 31, 1921. Apparently foreseeing this fact, it was deemed proper to designate as naval aviator an officer whose retention was certain. But whatever the reason for the change in designation, it was made and the court can not say that plaintiff after his designation as a student naval aviator remained or was in fact or law a naval aviator entitled to the increased pay now claimed. The quota of naval aviators was full, and the court is unauthorized to add to it.
The petition should be dismissed. And it is so ordered.
Moss, Judge; Graham, Judge; Hat, Judge; and Booth, Judge, concur.